IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

**BRIAN KEITH SEWARD,**                         6:12-CV-01073-BR

        Plaintiff,                  OPINION AND ORDER

v.

**R. PERSSON Supt. OSCI;
E. SOLICE, Officer; C.
TAYLOR, Diversity
Coordinator; W. HATFIELD,
Executive Asst. to Supt.,**

        Defendants.


**BRIAN KEITH SEWARD**
198 Shady Lane #2
Soldotna, AK 99669

        Plaintiff, *Pro Se*

**ELLEN ROSENBLUM**
Attorney General
**SHANNON M. VINCENT**
Assistant Attorney General
1162 Court Street N.E.
Salem, OR 97301
(503) 947-4700

        Attorneys for Defendants


1 - OPINION AND ORDER

**BROWN, Judge.**

This matter comes before the Court on Defendants' Unenumerated Rule 12(b) Motion (#52-1) to Dismiss for Failure to Exhaust and Rule 12(b) Motion (#52-2) to Dismiss for Failure to State a Claim.  For the reasons that follow, the Court **GRANTS** Defendants' Motion to Dismiss for Failure to Exhaust and **DENIES as moot** Defendants' Motion to Dismiss for Failure to State a Claim.

## BACKGROUND

On June 12, 2012, Plaintiff Brian Keith Seward filed a *pro se* Complaint in this Court pursuant to 42 U.S.C. § 1983 in which he alleges Defendants violated his right under the First and Fourteenth Amendments[1] to the United States Constitution when Defendant E. Solice "touched Plaintiff's] penis though [his] clothing intentionally on several occasions while doing patdowns or frisks [when Plaintiff was] leaving [his] work assignment." Compl. at 4.  When Plaintiff filed this action he was incarcerated at Oregon State Correctional Institution (OSCI).  At some point after this action was filed, Plaintiff was released

---

[1] Although Plaintiff alleges Solice's actions violated his rights under the First and Fourteenth Amendments, courts generally analyze similar claims under the Fourth Amendment. *See Byrd v. Maricopa County Sheriff's Dep't*, 629 F.3d 1135, 1140-41 (9th Cir. 2011).

2 - OPINION AND ORDER

from custody.

On August 27, 2013, Defendants filed a Motion to Dismiss on the grounds that Plaintiff failed to exhaust his administrative remedies, or in the alternative, that Plaintiff failed to state a claim. The Court took the Motion under advisement on December 9, 2014.

## STANDARDS

### I. Dismissal for failure to exhaust administrative remedies

In the Ninth Circuit failure to exhaust administrative remedies "should be treated as a matter in abatement, which is subject to an unenumerated Rule 12(b) motion rather than a motion for summary judgment." *Wyatt v. Terhune*, 315 F.3d 1108, 1119 (9th Cir. 2003). To decide a motion to dismiss for failure to exhaust administrative remedies, the court may look beyond the pleadings and decide disputed issues of fact. *Id.* at 1119-20.

Unlike summary judgment, dismissal for failure to exhaust administrative remedies is not a decision on the merits. *Id.* "If the district court concludes that the prisoner has not exhausted nonjudicial remedies, the proper remedy is dismissal of the claim without prejudice." *Id.* at 1120.

### II. Dismissal for failure to state a claim

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is

3 - OPINION AND ORDER

> plausible on its face." [*Bell Atlantic v. Twombly*, 550 U.S. 554,] 570, 127 S. Ct. 1955. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* at 556. . . . The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Ibid*. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id*. at 557, 127 S. Ct. 1955 (brackets omitted).

*Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). *See also Bell Atlantic*, 550 U.S. at 555-56. The court must accept as true the allegations in the complaint and construe them in favor of the plaintiff. *Din v. Kerry*, 718 F.3d 856, 859 (9th Cir. 2013).

"In ruling on a 12(b)(6) motion, a court may generally consider only allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice." *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012)(citation omitted). A court, however, "may consider a writing referenced in a complaint but not explicitly incorporated therein if the complaint relies on the document and its authenticity is unquestioned." *Swartz v. KPMG LLP*, 476 F.3d 756, 763 (9th Cir. 2007)(citation omitted).

A *pro se* plaintiff's complaint "must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Thus, the Court has

4 - OPINION AND ORDER

an "obligation [when] the petitioner is *pro se* . . . to construe the pleadings liberally and to afford the petitioner the benefit of any doubt." *Akhtar v. Mesa*, 698 F.3d at 1212 (quotation omitted). "[B]efore dismissing a *pro se* complaint the . . . court must provide the litigant with notice of the deficiencies in his complaint in order to ensure that the litigant uses the opportunity to amend effectively." *Id*. (quotation omitted). "A district court should not dismiss a *pro se* complaint without leave to amend unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Id*. (quotation omitted).

## DISCUSSION

**I.   Prison Litigation Reform Act (PLRA) Exhaustion Requirement**

As noted, Plaintiff brings this action pursuant to 42 U.S.C. § 1983, which provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law.

Section 1983 creates a private right of action against persons who, acting under color of state law, violate federal constitutional or statutory rights. *Devereaux v. Abbey,* 263 F.3d

5 - OPINION AND ORDER

1070, 1074 (9th Cir. 2001). The PLRA provides in pertinent part: "No action shall be brought with respect to prison conditions under Section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion is mandated regardless of the relief offered through the prison administrative procedures. *Booth v. Churner*, 532 U.S. 731, 121 S. Ct. 1819, 1825 (2001).

The exhaustion requirement applies "to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). Moreover, the Supreme Court held in *Booth* that prisoners are obligated to navigate the prison's administrative review process "regardless of the fit between a prisoner's prayer for relief and the administrative remedies possible." 532 U.S. at 739-41. Accordingly, the Ninth Circuit has held "plaintiffs must pursue a remedy through a prison grievance process as long as *some* action can be ordered in response to the complaint." *Brown v. Valoff*, 422 F.3d 926, 934 (9th Cir. 2005)(emphasis in original). Even if the relief the prisoner receives is nothing more than "corrective action taken in response to an inmate's grievance [that] . . . improve[s] prison administration and satisf[ies] the inmate," it

6 - OPINION AND ORDER

is sufficient relief for an inmate to continue with the administrative process. *Id.* at 936 (quoting *Porter*, 534 U.S. at 525). Finally, the PLRA exhaustion requirement is applicable to all persons who are incarcerated at the time they file their civil actions even if they were released from custody prior to resolution of their claims. *See Talamantes v. Leyva*, 575 F.3d 1021, 1023-24 (9th Cir. 2009). *See also Cox v. Mayer*, 332 F.3d 422, 424-28 (6th Cir. 2003); *Roshone v. Jost*, No. 2:11-CV-1331-PK, 2013 WL 5774027, at *2 (D. Or. Oct. 23, 2013).

Exhaustion of administrative remedies under 42 U.S.C. § 1997e(e) is an affirmative defense. *Wyatt*, 280 F.3d at 1245. "[D]efendants have the burden of raising and proving the absence of exhaustion." *Id.* at 1120.

> Relevant evidence in so demonstrating would include . . . regulations, and other official directives that explain the scope of the administrative review process; documentary or testimonial evidence from prison officials who administer the review process; and information provided to the prisoner concerning the operation of the grievance procedure in this case.

*Brown*, 422 F.3d at 937. As noted, if the court concludes an inmate has failed to exhaust administrative remedies, the proper remedy is dismissal without prejudice. *Wyatt*, 315 F.3d at 1119-20.

## II. The Grievance Process

Pursuant to the administrative rules of the Oregon Department of Corrections (ODOC) that govern inmate grievances,

7 - OPINION AND ORDER

inmates at ODOC facilities are required to communicate with "line staff" verbally or in writing to resolve a dispute before filing a grievance.  If communication with line staff does not resolve an inmate's issue, the inmate may then file a grievance form within 30 days of the incident or conflict.  Inmates must attach copies of their previous communications with line staff to their grievance forms to demonstrate that they attempted to resolve the conflict informally before filing their grievance.  If an inmate is not satisfied with the response to his grievance, the inmate may file an appeal to the functional unit manager by completing a grievance appeal form and filing it with the grievance coordinator within 14 days from the time the response was sent to the inmate.  The grievance coordinator then assigns a number to the grievance and records it in the grievance log.

An inmate may appeal the functional unit manager's decision by submitting to the assistant director an appeal form, the original grievance, attachments, and staff responses.  The grievance coordinator then date-stamps and logs the appeal.  The decision of the assistant director is final and is not subject to further review.

ODOC informs inmates of the grievance procedure at their mandatory Admission and Orientation class held when inmates first arrive at a facility.  In addition, information about the procedure is contained in the Inmate Handbook.  Inmates may

8 - OPINION AND ORDER

obtain grievance forms and instructions from any housing-unit officer.

### III. Analysis

The record reflects on March 15, 2012, Plaintiff filed a grievance related to Solice's frisks of Plaintiff. On March 19, 2012, Defendant C. Taylor denied Plaintiff's grievance on the ground that Plaintiff used disrespectful wording in violation of Oregon Administrative Rule 291.109.1040(1)(a). The record further reflects Plaintiff did not appeal the denial of his grievance arising from Solice's alleged actions. Although Plaintiff asserts in his Complaint that he did not pursue resolution of his complaint through the grievance process because he "[could not] rely on the grievance system in place at OSCI," he submitted and appealed the denial of other grievances both before and after the denial of his March 15, 2012, grievance. In addition, the record reflects Plaintiff filed a tort claim related to Solice's actions at some point before April 9, 2012, with the Department of Administrative Service Risk Management. After Plaintiff filed his tort claim, Oregon Administrative Rules prohibited him from grieving Solice's behavior and prohibited OSCI staff from processing any grievances related to the behavior that was the subject of the tort claim. Or. Admin. R. 291.109.1040(3)(i).

On this record the Court concludes Plaintiff did not exhaust

9 - OPINION AND ORDER

administrative procedures as to Solice's alleged actions, and, therefore, the Court dismisses Plaintiff's Complaint without prejudice.

## CONCLUSION

For these reasons, the Court **GRANTS** Defendants' Unenumerated Rule 12(b) Motion (#52-1) to Dismiss for Failure to Exhaust, **DENIES as moot** Defendants' Rule 12(b) Motion (#52-2) to Dismiss for Failure to State a Claim, and **DISMISSES** this matter **without prejudice**.

IT IS SO ORDERED.

DATED this 5th day of February, 2014.

/s/ Anna J. Brown

ANNA J. BROWN
United States District Judge